UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LAURA RODRIGUEZ,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. EP-20-CV-00174-LS |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff appeals the denial of her application for disability supplemental security income benefits. The parties consent to my determination of the case under 28 U.S.C. § 636(c) and Appendix C of the Local Court Rules for the Western District of Texas. I **AFFIRM** the Commissioner's decision denying Rodriguez's application.

### I.    Facts and Proceedings

Rodriguez alleges she became disabled on April 25, 2018[1] because of multiple physical impairments.[2] An Administrative Law Judge ("ALJ") held a hearing on May 2, 2019 and heard testimony from Rodriguez, who was represented by counsel, and a vocational expert ("VE").[3] In an opinion dated July 24, 2019, the ALJ determined that Rodriguez was not disabled within the meaning of the Social Security Act.[4] The Appeals Council denied her request for review on May 15, 2020, making the ALJ's decision the final decision of the Commissioner.[5] Rodriguez argues in this appeal that the ALJ erroneously disregarded her chronic pain syndrome diagnoses.

---

[1] R:35.
[2] R:224.
[3] R:32-66.
[4] R:16-24.
[5] R:1-4.

## II.   Discussion

### A.   Legal Standards

Judicial review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole; and (2) whether the Commissioner applied the proper legal standard.[6] Substantial evidence "is more than a mere scintilla and less than a preponderance."[7] The Commissioner's findings will be upheld if supported by substantial evidence.[8] In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work.[9]

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical evidence; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.[10] A court cannot, however, reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's.[11] The Commissioner, not the courts, must resolve conflicts in the evidence.[12]

---

[6] *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).
[7] *Hill v. Berryhill*, 718 F. App'x 250, 253-54 (5th Cir. 2018) (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th 2002)).
[8] *Masterson*, 309 F.3d at 272.
[9] 20 C.F.R. § 416.920; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).
[10] *Perez*, 415 F.3d at 462.
[11] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).
[12] *Id.*

### B. Residual Functional Capacity

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations.[13] The responsibility to determine a claimant's RFC belongs to the ALJ.[14] The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record.[15] The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.[16] An RFC finding is used to determine if the claimant can still do his or her past jobs.[17] If the claimant cannot, the RFC is then used to determine whether the claimant can do other jobs in the national economy.[18]

### C. The ALJ's Findings

In this case, the ALJ found that Rodriguez's severe impairments were "degenerative disk disease of the lumbar and cervical spine, and hypertension."[19] They were not, however, individually or in combination severe enough to meet or equal an impairment listed in the appendix to the regulations.[20] The ALJ found that Rodriguez could still perform "light work,"[21] including her past work as a wedding planner.[22] Accordingly, the ALJ found Rodriguez not disabled and not

---

[13] 20 C.F.R. § 416.945(a)(1).
[14] *Id*. at § 416.946(c); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).
[15] *Perez*, 415 F.3d at 461-62.
[16] *See* 20 C.F.R. §§ 416.929(d)(4), 416.945(a)(2).
[17] *Perez*, 415 F.3d at 462; 20 C.F.R. § 416.920(e).
[18] *Id*.
[19] R:18.
[20] R:18.
[21] R:22-23. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 416.967(b).
[22] R:23.

entitled to supplemental security income.[23]

### D. Chronic Pain Syndrome

Rodriguez's sole argument is that "the ALJ disregarded the objective medical evidence of [Rodriguez's] chronic pain syndrome." I note initially that Rodriguez did not assert chronic pain syndrome as an ostensible basis for disability in her original application,[24] during her hearing before the ALJ,[25] or at the Appeals Council level.[26] I also note that all medical records on which Rodriguez relies for her chronic pain syndrome argument predate her ostensible April 2018 disability onset date.

There are no medical records supporting a chronic pain syndrome diagnosis during the relevant time period, April 2018 to July 2019. Indeed, a July 2018 medical record does not even include chronic pain syndrome in Rodriguez's "past medical history."[27] The doctor who conducted this July 2018 examination noted that Rodriguez was "general[ly] able to do usual activities, [had] good exercise tolerance, [had] good general state of health, no fatigue…[and] no weakness."[28] The ALJ concluded that these July 2018 records reflected no "significant physical deficits upon examination that would warrant any type of physical limitations upon the claimant's physical functioning."[29] Moreover, as the ALJ's opinion reflects, Rodriguez reported during a February 2019 examination no pain whatsoever, and no musculoskeletal or neurological problems.[30] The examiner recorded that Rodriguez's musculoskeletal and neurological exam

---

[23] R:24.
[24] R:224.
[25] R:35-36.
[26] R:303-304.
[27] R:1141.
[28] R:1142.
[29] R:21.
[30] R:1217-18.

findings were normal and unremarkable.[31] These February 2019 records also omit altogether any reference to chronic pain syndrome in Rodriguez's "past medical history."[32]

## Conclusion

My review of the record reflects that substantial evidence supports the ALJ's decision and there is no legal error.

**AFFIRMED**.

**SIGNED** and **ENTERED** March 10, 2022.

**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] R:1219.
[32] R:1216.